WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Maria Robien Nadhar, et al.,

Plaintiffs,

v.

Tracy Renaud,

Defendant.

No. CV-21-00275-PHX-DLR

**ORDER**

Plaintiffs are ten foreign nationals who have sued Defendant Tracy Renaud, the Acting Director of the United States Citizenship and Immigration Services ("USCIS"), alleging that USCIS has unreasonably delayed adjudicating their Form I-526 immigrant investor visa petitions in violation of the Administrative Procedures Act ("APA"). (Doc. 7.) At issue is Plaintiffs' motion for a preliminary injunction (Doc. 20), which is fully briefed (Docs. 26, 31) and will be denied.[1]

[1] Defendant previously filed a motion to dismiss, arguing that Plaintiffs' claims are improperly joined and fail to state plausible claims to relief. (Doc. 15.) Plaintiffs also have filed a motion for sanctions in which they seek, as relief, an order striking Defendant's response in opposition to Plaintiffs' preliminary injunction motion. (Doc. 29.) Given the time constraints, it is not feasible for the Court to resolve these other motions before addressing Plaintiffs' preliminary injunction motion. Accordingly, for purposes of this order, the Court will assume—without deciding—that Plaintiffs' claims are properly joined and that the amended complaint states a plausible claim to relief. The Court also will not strike Defendant's response in opposition to Plaintiffs' preliminary injunction motion. The Court will assess the merits of Plaintiffs' motion for sanctions at a later date, but the specific sanction of striking Defendant's response is off the table. The Court will not—in addition to working on an extraordinarily tight timeframe necessitated by Plaintiffs' delay in bringing their preliminary injunction motion—consider these issues without the benefit of a response brief.

**I. Background**

The EB-5 Immigrant Investor Program allots visas to foreign nationals who have invested a certain amount of capital in new commercial enterprises that create at least ten full-time jobs for United States citizens or those lawfully authorized to work in the country. 8 U.S.C. § 1153(b)(5). Foreign investors seeking EB-5 visas must petition USCIS for classification as an EB-5 investor using Form I-526. 8 C.F.R. § 204.6(a). "Successful adjudication and approval of an I-526 petition makes a petitioner eligible for a visa, but does not automatically provide a visa." *Nohria v. Renaud*, No. 20-cv-2085, 2021 WL 950511, at *2 (D.D.C. Mar. 14, 2021). Instead, an approved Form I-526 allows a foreign investor to apply for two-year conditional lawful permanent resident ("LPR") status. 8 U.S.C. § 1186b(a). After two years, a petitioner seeking permanent LPR status "may submit a Form I-829 petition to USCIS to show that she has satisfied all capital investment and job-creation requirements of the program. *See* 8 C.F.R. § 216.6(c). If a petitioner fails to meet these requirements, or neglects to file an I-829 petition, USCIS must terminate the petitioner's conditional immigrant visa. *See* 8 U.S.C. § 1186b(b)(1); 8 C.F.R. §§ 216.6(a)(5), 216.6(d)(2)." *Wang v. USCIS*, 375 F. Supp. 3d 22, 26 (D.D.C. Apr. 19, 2019).

The Immigration and National Act places annual per-country caps on employment-based visas. 8 U.S.C. § 1152. When demand exceeds the supply of visas, a waiting list forms. A petitioner's place on this waiting list is typically determined by the date her petition was filed, known as the "priority date." 8 U.S.C. § 1153(e); 22 C.F.R. § 42.54. A petitioner becomes eligible for a visa when her priority date is listed for her country and visa category in the State Department's monthly Visa Bulletin. *See Nohria*, 2021 WL 950511, at *2.

Until recently, USCIS managed Form I-526 petitions on a first-in, first-out ("FIFO") basis. In March 2020, however, USCIS instituted a new "visa availability" process. USCIS now prioritizes the petitions of immigrants from countries where visas are immediately or soon-to-be available. Among Form I-526 petitions designated for priority, USCIS then factors in whether the underlying commercial enterprise has been reviewed.

At that point, petitions are adjudicated on a FIFO basis. Under the previous FIFO method, approved petitions sometimes sat unused while the applicant waited for a visa. According to USCIS, this new process allows petitioners from countries where visas are immediately available to better use their annual allotment of visas. (Doc. 15 at 5-6); *See* Citizenship and Immigration Servs., USCIS Adjusts Process for Managing EB-5 Visa Petition Inventory, https://www.uscis.gov/news/news-releases/uscis-adjusts-process-for-managing-eb-5-visa-petition-inventory (last visited June 11, 2021).

This lawsuit was filed on February 12, 2021 by four EB-5 Program participants. (Doc. 1.) An amended complaint was filed on March 10, 2021, adding six more plaintiffs. (Doc. 7.) According to the amended complaint, Plaintiffs each filed a Form I-526 petition that remains unadjudicated by USCIS, and each is eligible to immediately apply for LPR status upon approval of their petitions. At the time of the filing of the amended complaint, Plaintiffs' petitions had been pending for between 15 and 52 months (three more months have since lapsed). Plaintiffs allege that the delays they have experienced are part of a deliberate slowdown in the processing of Form I-526 petitions. Plaintiffs note that, in recent years, USCIS has received fewer Form I-526 petitions and has increased its staffing, yet it has adjudicated fewer and fewer petitions and has steadily increased its estimated processing times. Plaintiffs also allege that USCIS has reassigned staff away from processing Form I-526 petitions and has given preferential, expedited treatment to petitioners who have invested in certain projects that ostensibly are deemed to be in the national interest. According to Plaintiffs, these allegations collectively demonstrate that USCIS has a common policy or practice to withhold or delay the adjudication of Form I-526 petitions.

The specific EB-5 Program in which Plaintiffs are participating is scheduled to expire on June 30, 2021 unless reauthorized by Congress. (Doc. 20-1 at 2-3.) Accordingly, Plaintiffs have moved for a preliminary injunction in the form of an order directing USCIS to adjudicate their petitions by June 20, 2021. Plaintiffs argue that, in the absence of a preliminary injunction, they "will lose the immigrant visa they filed for years ago." (*Id.* at

16.)

## II. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. These elements may be balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1134-35 (9th Cir. 2011). However, the sliding-scale approach does not relieve the movant of the burden to satisfy all four prongs for the issuance of a preliminary injunction. *Id.* at 1135. When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Generally, "mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases[.]" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation and citation omitted).

## III. Discussion

### A. Likelihood of Success on the Merits

The APA requires an agency to act on a matter presented to it within a reasonable time. 5 U.S.C. § 555(b). Courts may "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). To determine whether an agency action has been unreasonably delayed, the Court considers "the six-factor standard—the so-called '*TRAC* factors'—established in *Telecomms. Research and Action Ctr. (TRAC) v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984)." *In re Natural Resources Defense Council, Inc.*, 956 F.3d 1134, 1138 (9th Cir. 2020). These factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;

> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Desai v. USCIS*, No. 20-1005 (CKK), 2021 WL 1110737, at *4 (D.D.C. Mar. 22, 2021) (citations omitted).

The first *TRAC* factor is the most important, and it favors Defendant. USCIS's visa availability approach to prioritizing Form I-526 adjudications constitutes a rule of reason, as several other courts have persuasively recognized. *See, e.g.*, *Desai*, 2021 WL 1110737, at *5; *Thakker v. Renaud*, No. 20-cv-1133 (CKK), 2021 WL 1092269, at *6 (D.D.C. Mar. 22, 2021); *Nohria*, 2021 WL 950511, at *6 n.5; *Palakuru v. Renaud*, No. 1:20-cv-02065 (TNM), 2021 WL 674162, at *4 (D.D.C. Feb. 22, 2021). Plaintiffs argue that, although USCIS has articulated a rule of reason, it is not applying that rule because it is processing fewer and fewer petitions. Plaintiffs have raised fair concerns about a precipitous decline in productivity at USCIS, but it does not necessarily follow that these declines are attributable to USCIS not following its rule of reason. Plaintiffs bear the burden of establishing a likelihood of success on the merits, and at present they are have not made a strong enough showing that USCIS is deliberately withholding or delaying adjudication of Form I-526 petitions.

The fourth *TRAC* factor, which courts also weigh heavily in unreasonable delay cases, likewise favors Defendant. Were the Court to order Defendant to expedite the processing of Plaintiffs' petitions, the effect likely would be to move Plaintiffs to the front

of the line and all other similarly situated petitioners back. *See Palakuru*, 2021 WL 674162, at *5. Although Plaintiffs allege that they have been treated differently than similarly situated petitioners, they do not provide evidence to support this allegation.[2] Nor have Plaintiffs shown that there is something special about their petitions that justifies leapfrogging over other similarly situated petitioners who have not sued.

The second *TRAC* factor slightly favors Plaintiffs. "It does not appear that I-526 petitions have a statutory time frame for adjudication, nor does section 1153(b)(5) prescribe how efficiently [USCIS] should issue EB-5 visas." *Shihuan Cheng v. Baran*, No. CV 17-2001-RSWL-KSx, 2017 WL 3326451, at *4 (C.D. Cal. Aug. 3, 2017). According to 8 U.S.C. § 1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filings of the application[.]" This constitutes some indication of the speed at which Congress expects USCIS to proceed. However, such precatory "sense of Congress" language is not law and creates no obligations on USCIS. *See Thakker*, 2021 WL 1092269, at *6; *see also Yang v. Cal. Dep't of Soc. Servs.*, 183 F.3d 953, 958 (9th Cir. 1999). "To the contrary, Congress has given the agencies wide discretion in the area of immigration processing." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-54 (D.D.C. 2017). And in other contexts, "[d]istrict courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Yavari v. Pompeo*, 2:19-cv-02524-SVW-JC, 2019 WL 6720995, at *8 (C.D. Cal. 2019). Thus, while the precatory language of § 1571(b) provides some support for Plaintiffs, it does not tilt the second *TRAC* factor heavily in their favor.

"The third and fifth factors require the Court to consider the interests prejudiced by delay, including how delays affect human health and welfare." *Palakuru*, 2021 WL 674162, at *6. The Court finds that these factors weigh slightly in favor of Plaintiffs. Each Plaintiff submitted a declaration with the amended complaint describing the hardships

[2] Plaintiffs argue in their motion that Defendant has not identified higher priorities. But Plaintiffs are the movants and, as such, bear the burden of demonstrating a likelihood of success on the merits.

caused by the uncertainty and delay in their Form I-526 petition adjudications. (Doc. 7-1.) These hardships include investing substantial sums of their life savings for a chance to secure a better life for their families, the desire to move to the United States in time for their children to transition smoothly into school, and, in some cases, fear of conditions in their home countries. Although the EB-5 Program is economic-centric, the benefits conferred by the program clearly impact the welfare of individual petitioners. Nonetheless, other courts have persuasively concluded that these interests do not override the first and fourth factors favoring USCIS, particularly when the effect of expediting Plaintiffs' petitions likely will be to move others back a step, thereby producing no net gain. *See*, *e.g.*, *Palakuru*, 2021 WL 674162, at *6.

Lastly, the sixth factor does not weigh heavily in either direction. The declines in USCIS's productivity that Plaintiffs describe in their amended complaint are peculiar and could indicate that USCIS is withholding or delaying adjudication of Form I-526 petitions. But these figures, alone, do not establish agency impropriety. In any event, this factor appears to be relatively unimportant in the *TRAC* analysis, considering it need not even be present for a court to find unreasonable delay.

In sum, the two most critical *TRAC* factors weigh in favor of Defendant, while the remaining factors only slightly favor Plaintiffs. On balance, Plaintiffs have not made a sufficiently strong showing of likely success to justify the issuance of a mandatory preliminary injunction.

**B. Irreparable Harm**

Plaintiffs also have not demonstrated that they likely will suffer irreparable harm in the absence of a preliminary injunction. First, the harms Plaintiffs allege would not necessarily be avoided by the issuance of a preliminary injunction because an order directing Defendant to adjudicate Plaintiffs' petitions by June 20 does not guarantee that any petition will, in fact, be granted. And even then, approval of a Form I-526 petition does not automatically provide a visa. It is merely a preliminary step in a lengthier process. Second, Plaintiffs' allegations of irreparable harm are premised on their belief that the EB-

5 Program under which they have applied will not be reauthorized by Congress. But history tells a different story. This program was created by Congress in 1992 and has been extended more than 30 times since then. (Doc. 26 at 6.) Proposed legislation to reauthorize the program has been introduced in both houses of Congress. (*Id.*) Even if this legislation is approved after June 30, Plaintiffs have not shown that a temporary lapse would result in irreparable harm. Defendant explains in her response brief that there have been brief lapses in the program's reauthorization in the past, during which time adjudication of petitions was put on hold. But after the program was reauthorized, USCIS resumed processing those petitions. (*Id.* at 6-7.) It is doubly speculative, then, that Plaintiffs would be irreparably harmed in the absence of a preliminary injunction.[3]

**C. Balance of Hardships/Public Interest**

As between Plaintiffs and Defendant, it does not appear that the balance of hardships tilts heavily in either direction. Indeed, it does not appear likely that adjudicating these ten petitions by June 20 would unduly burden USCIS or strain its resources. However, the Court does not find that the public interest would be served by an injunction. On this record, the Court cannot be confident that a benefit to Plaintiffs would not come at a cost to other similarly situated petitioners who have likewise been waiting in line for their Form I-526 adjudications. A rushed mandatory preliminary injunction on an early and incomplete factual record that reorders USCIS's priorities while probably producing no net gain in the adjudication of Form I-526 petitions does not serve the public interest. Accordingly,

/ / /

/ / /

---

[3] The Court notes that Plaintiffs' delay in seeking a preliminary injunction also undermines their allegations of irreparable harm. The amended complaint was filed in March, yet Plaintiffs waited until the end of May to move for a preliminary injunction. This unfortunate timing has forced the parties and the Court to operate at lightning speed. When asked by the Court about the delay, Plaintiffs explained that they did not believe an earlier motion would have been appropriate because, at that point, they would have been speculating that Congress would not reauthorize the program. (Doc. 25 at 3-4.) Yet Plaintiffs engage in that same speculation now. They do not explain why congressional reauthorization was realistic enough of a possibility in March to preclude a preliminary injunction motion, yet now is unlikely enough to require preliminary injunctive relief.

**IT IS ORDERED** that Plaintiffs' motion for a preliminary injunction (Doc. 20) is **DENIED**. The Court will address the remaining motions in separate orders and in due course.

Dated this 11th day of June, 2021.

Douglas L. Rayes
United States District Judge